## E. M. Babbitt and M. H. Bird, trading as Millet Elevator Company, Appellees, v. Grand Trunk Western Railway Company, Appellant.

### Gen. No. 22,943. (Not to be reported in full.)

Appeal from the Municipal Court of Chicago; the Hon. JOHN R. NEWCOMER, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1916. Affirmed. Opinion filed December 21, 1917. Rehearing denied January 2, 1918.

### Statement of the Case.

Action by E. M. Babbitt and M. H. Bird, trading as Millet Elevator Company, plaintiffs, against Grand Trunk Western Railway Company, defendant, to recover for loss of goods in an interstate commerce transaction, brought by the shippers against the initial carrier. From a judgment for plaintiffs, defendant appeals.

KRETZINGER & KRETZINGER and L. L. SMITH, for appellant.

STEWART REED BROWN, for appellees.

MR. PRESIDING JUSTICE BARNES delivered the opinion of the court.

### Abstract of the Decision.

1. CARRIERS, § 139*—*what constitutes prima facie proof in action to recover for loss of goods of timely claim for loss.* Evidence that

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

certain goods shipped by plaintiffs were delivered and that within four months thereafter about a certain date plaintiffs wrote defendant carrier's claim agent stating the circumstances of a loss of goods and making claim therefor, from which plaintiffs never directly heard, to which evidence no objection was made or rebuttal offered, constituted prima facie proof of compliance with a provision of the bill of lading under which the goods were shipped that claims for loss must be presented within four months after delivery, in an action to recover for a loss, wherein the defense set up was noncompliance with such provision.

2. APPEAL AND ERROR, § 365*—*what questions cannot first be raised on appeal.* Whether the provision in a bill of lading for its surrender is for the benefit of the carrier only, and whether such provision was waived by reason of certain facts were questions which could not be raised for the first time on appeal, in an action to recover for loss of goods shipped.